■ In the Matter of the Claim of VINCENT GIOCASTRO, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by the claimant from a board decision denying compensation. The witnesses were the claimant, his attending physician and an orthopedist. The claimant testified that on July 4, 1963, while picking up some bags he felt " a snap or a crack " in his back. He did not notify his employer. His attending physician testified that he received no history of accident from the claimant until the claimant's last visit more than five months after the accident alleged. The orthopedist to whom the claimant had been referred on October 7, 1963, testified that the claimant was suffering from a herniated disc causally related to the accident of July 4, 1963. On cross-examination the claimant gave the following evidence: "Q. Did you ever have an injury to your back before? A. No. I had back aches but I never had an accident. Q. You never did. A. No. Q. You mean you might have and you don't remember? A. No, I say I didn't." Thereafter he conceded that in 1958 and again in 1959 he was involved in automobile accidents as a result of which he claimed injury to his back and that in both years he was attended by a doctor, engaged a lawyer and received payment for his injuries. He also testified that he might have been involved in another accident in 1955 involving a claim of injury to his back and retention of an attorney. The board found the claimant's disability to be " due to preexisting conditions and not due to any alleged accidental employment accident ", that he " did not sustain the accident as alleged " and that his claim of accident was " an afterthought ". " It was within the province of the board to either accept or reject claimant's testimony or any evidence in support thereof." (*Matter of Kruk* v. *Forest Hills Hosp.,* 14 A D 2d 952, 953.) The credibility of witnesses is within the fact-finding power of the board and we may not disturb its determinations on questions of fact and credibility (*Matter of Manolakis* v. *Edison S. S. Corp.,* 15 A D 2d 845; *Matter of Rothschild* v. *Flatbush Jewish Center,* 18 A D 2d 1045). In the course of the testimony the employer asked for an adjournment to produce the two men with whom the claimant testified he had been working at the time of the accident. The claimant

did not join in the request or seek the production of these witnesses but on the contrary rested. The Referee found that the claimant had not "established an accident within the meaning of the law", disallowed the claim and closed the case. Approximately two weeks after the case was closed written statements of the two co-workers were filed with the board. Both statements are to the general effect that while the claimant was in the process of picking up bags he complained of pain in his back. The claimant states in his application for review: "This accident was witnessed by two co-workers * * *. Both of these employees * * * were present at the time the claimant sustained his injury and obviously should have been produced to testify." But the claimant, represented by counsel, rested and, if the employees "should have been produced to testify", it was the claimant's obligation to produce them. We find no arbitrary conduct on the part of the board. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.